IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 22–32–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| A 2008 TOYOTA TUNDRA, VEHICLE IDENTIFICATION NUMBER 5TFBV54128X063937; $119,450 in U.S. CURRENCY; AND JEWELRY, | |
| Defendants. | |

Before the Court is the United States' Motion for Entry of Judgment and Order of Forfeiture. (Doc. 14.) Upon considering the filings submitted in this case, the Court enters the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

1.     On February 4, 2022, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint *in Rem*, alleging the defendant vehicle was used to transport controlled substances and is subject to forfeiture under 21 U.S.C. §881 (4) and that the defendant currency and jewelry were furnished, or intended to be furnished, in exchange for a controlled substance and are subject to forfeiture under 21 U.S.C. §881 (a)(6), and the defendant vehicle,

1

currency and jewelry were used, or intended to be used, to facilitate one or more violations of 21 U.S.C. §§ 841 *et seq.* and 843(b).  (Doc. 1.)

2.      On February 11, 2022, the United States Marshals Service executed the Warrant of Arrest *in Rem* (Doc. 4) that was issued by this Court on February 10, 2022 and arrested the defendant property.  (Doc. 6.)

3.      On January 26, 2022, the known potential claimant, James Tarr, passed away in Missoula, Montana.  Assistant United States Attorney's Office Victoria L. Francis located a telephone number for his next of kin, his wife, Deborah Tarr, and confirmed that she did not intend to file a claim.  (Doc. 8.)

4.      On February 9, 2022, the United States provided "actual notice" of this civil asset forfeiture action, by mailing the Notice of Complaint for Forfeiture (Doc. 2), and Verified Complaint *in Rem* (Doc. 1), via first class U.S. mail and first class U.S. Certified Mail, to Deborah Tarr and Ashley Hurlburt (the attorney for Mr. Tarr in the early stages of his criminal case) to the address provided (Docs. 8; 8-1; 8-2.)

5.      Upon learning that James Tarr's counsel for his criminal case had been substituted with Attorney Shandor Badaruddin, the United States provided Actual notice of this civil asset forfeiture action on February 15, 2022, by mailing the Notice of Complaint for Forfeiture (Doc. 5) and Verified Complaint *in Rem*

(Doc. 1) via first class U.S. mail and Certified mail, to the address provided (*see* Docs. 8; 8-3.)

6.      Upon considering the United States' Motion for Entry of Default of Known Potential Claimants, Deborah Tarr, Ashley Hurlburt, and Shandor Badaruddin, (Doc. 7) and Declaration filed in support of the motion (Doc. 8), the Clerk of District Court entered the default of Deborah Tarr, Ashley Hurlburt, and Shandor Badaruddin, on April 1, 2022, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 9.)  The Motion for Entry of Default was served on all known claimants. (Doc. 7.)

7.      Notice of this forfeiture action was provided to any unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on March 23, 2022, and ending on April 21, 2022.  The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (March 23, 2022) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Docs. 10; 10-1.)

8.      Upon considering the United States' Motion for Entry of Default of Unknown Potential Claimants, (Doc. 11) and Declaration filed in support of the motion (Doc. 12), the Clerk of District Court entered the default of unknown potential claimants on June 7, 2022, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 13.)

9.      The factual allegations set forth in paragraphs 1 through 25, of the Verified Complaint for Forfeiture *in Rem* are verified by William T. Murphy, Special Agent with the Drug Enforcement Administration.  (Doc. 1.)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

10.      The Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The United States has filed a Verified Complaint for Forfeiture *in Rem* to forfeit the defendant property under 21 U.S.C. § 881(a)(4), (6), as the defendant vehicle was used to transport controlled substances and the defendant currency and jewelry is subject to forfeiture as property constituting monies or other things of value furnished or intended to be furnished in exchange for a controlled substance, and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.*

4

11.     Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is proper in this district because this is a civil proceeding to forfeit United States property found in this district, and the acts or omissions complained of occurred in this district.

12.     Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.  *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

13.     The Verified Complaint for Forfeiture *in Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant property described in the verified complaint.  The facts contained in the verified complaint support the institution of these forfeiture proceedings for knowing and willful violations of 21 U.S.C. §§ 841 *et seq.* and subject to forfeiture under 21 U.S.C. § 881 (4) and(a)(6).

14.     The totality of circumstances as set forth in the Verified Complaint *in Rem* demonstrate that there is a substantial connection that the defendant vehicle was used to transport controlled substances and that the currency and jewelry were furnished or intended to be furnished in exchange for a controlled substance,

and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. §§ 841 and 843(b).

15.    Notice of this action was properly provided to known potential claimants, Deborah Tarr, Attorney Ashley Hurlburt, and Attorney Shandor Badaruddin, by providing "actual notice" by mailing the Verified Complaint *in Rem*, in accordance with Supplemental Rule G(4)(b)(v).

16.    Notice by publication was also provided to known and unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

17.    In accordance with Federal Rule of Civil Procedure 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the default of any known claimants (Doc. 9) and the unknown potential claimants (Doc. 13).

18.  Pursuant to Federal Rule of Civil Procedure 55(b)(2) the United States is entitled to a judgment of default against the defendant property; a 2008 Toyota Tundra, Vehicle Identification Number 5TFBV54128X063937; United States currency in the amount of $119,450; and 53 items of assorted jewelry inside a jewelry case, as to any claims to the defendant property.

19.    The United States is further entitled to an order of forfeiture of the defendant property.

Accordingly, IT IS ORDERED the motion (Doc. 14) is GRANTED.

6

IT IS FURTHER ORDERED that:

1.      The United States is granted judgment against the defendant property; a 2008 Toyota Tundra, Vehicle Identification Number 5TFBV54128X063937; United States currency in the amount of $119,450; and fifty-three (53) items of assorted jewelry inside a jewelry case, and against any person asserting a claim to, or interest in, the defendant property.

2.      The defendant property consisting of a 2008 Toyota Tundra, Vehicle Identification Number 5TFBV54128X063937; United States currency in the amount of $119,450; and fifty-three (53) items of assorted jewelry inside a jewelry case, is hereby forfeited to the United States and shall be disposed of in accordance with the law.

The Clerk of Court is ordered to close the case file.

DATED this 28th day of July, 2022.

Dana L. Christensen, District Judge
United States District Court